UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,                      Case No. 16-cv-12660
                                                  Hon. Matthew F. Leitman

v.

SHANE JACKSON *et al*,

        Respondents.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Upon the filing of a habeas corpus petition, a federal court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The petition filed here is subject to summary dismissal.

On July 7, 20176, Michigan state inmate Derrick Lee Smith ("Smith") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.) Rather than challenging the fact or duration of his confinement,

Smith challenges restrictions placed upon his communications with an inmate presently in the custody of the Florida Department of Corrections. (*See id.*) Smith says that these restrictions violate his "constitutional right to communicate." (*Id.* at 2, Pg. ID 2.)

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Smith, however, is not challenging the fact or duration of his confinement. Indeed, he raises no challenge to his criminal conviction or sentence. Instead, he challenges restrictions placed on his ability to write letters to an inmate in the custody of the Florida Department of Corrections. Because Smith is not challenging the fact or duration of his confinement, the Petition is not properly filed under § 2254 and will be summarily dismissed. Moreover, because the Court concludes that reasonable jurists would not debate the conclusion that the Petition does not state a claim upon which habeas relief may be granted, the Court declines to issue Petitioner a certificate of appealability.

Accordingly, for the reasons stated above, **IT IS ORDERED** that the Petition (ECF #1) is **DISMISSED** and a certificate of appealability is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: July 27, 2016          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2016, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda
                                        Case Manager
                                        (313) 234-5113